IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. MILMOE, | No. C 06-04721 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No.s 8, 10] |
| GEVITY HR, INC., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss ("Gevity's Motion") [Docket No. 8] and Defendant's Request for Judicial Notice [Docket No. 10]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

## **BACKGROUND**[1]

Plaintiff Michael W. Milmore ("Plaintiff") is and at all relevant times was a resident of San Francisco, California. Financial Interactive, Inc. ("FI") and defendant Gevity HR, Inc. ("Gevity") were co-employers of Plaintiff, whose title was Vice President of Business Development.

Gevity is a Florida corporation doing business throughout California and in the county of San Francisco, California. Gevity provides human resources counseling and services for companies throughout California, and was under contract to provide those services to FI beginning January 8, 2004. Gevity became a co-employer of Plaintiff as of that date.

Plaintiff worked for FI from approximately May 1, 2001, though July 8, 2004. On or about

---

[1] These allegations are listed in the Complaint.

January 8, 2004, Plaintiff also became an employee of Gevity pursuant to a contract executed by FI and Gevity.

Pursuant to the FI-Gevity contract ("Personal Services Agreement" or "PSA"), of which Plaintiff claims to be a direct and third party beneficiary, Gevity undertook to become Plaintiff's co-employer and to advise FI regarding employment matters, including but not limited to payment of employee wages, handling of employee benefits, and termination of employees. Gevity specifically reserved to itself the right of direction and control over employees such as Plaintiff and retained authority to hire and fire employees. It also agreed to provide FI advice regarding human resources decisions. Gevity also issued payroll checks to FI employees, including Plaintiff.

In early 2004, Plaintiff went on an approved leave of absence from work. Prior to leaving, he received assurances that his medical benefits would be continued during his absence, a fact of importance to him, given that his wife was then pregnant with their first child. Notwithstanding these assurances, Plaintiff's medical coverage was cancelled without his knowledge, causing him to incur great expense and emotional distress.

On July 8, 2004, Plaintiff was abruptly terminated without warning, shortly after filing a claim for unpaid commissions that were due and owing to him.

Plaintiff filed a Complaint against Gevity in California Superior Court in San Francisco County, stating two claims: 1) breach of contract and 2) wrongful termination.

With respect to the breach of contract claim, Plaintiff alleges that Gevity breached its contract and obligations to Plaintiff by, among other things, failing to ensure that Plaintiff's benefits continued while Plaintiff was on leave of absence, as promised by FI. Gevity likewise allegedly breached its obligations to Plaintiff by abruptly and wrongfully terminating his wages and allowing/advising termination of his employment and/or failing or refusing to provide FI with advice regarding the proper termination of employees, thereby preventing such termination. Gevity thereafter failed or refused to advise payment of commissions and other benefits to Plaintiff and allowed and/or counseled FI to make defamatory comments to Plaintiff's new employer.

2

With respect to the wrongful termination claim, Plaintiff alleges that the stated reasons for his termination—which are not specified in the Complaint—were pretextual and that Plaintiff was, in fact, terminated in retaliation for seeking commissions due and owing to him. Plaintiff argues that Gevity's actions violated California public policy.

The Complaint was filed in Superior Court on July 6, 2006.

On August 3, 2006, Gevity removed the action to this Court.

On August 8, 2006, Gevity filed the instant Motion to Dismiss ("Gevity's Motion").

On August 28, 2006, Plaintiff filed his Opposition.

On September 5, 2006, Gevity filed its Reply.

## **LEGAL STANDARDS**

**A.     Rule 12(b)(6)**.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997). When a plaintiff attaches exhibits to the complaint, those exhibits may be considered as part of the pleadings. *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

1 unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell*
2 *Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are
3 insufficient to defeat a motion to dismiss for failure to state a claim.").

4 When a complaint is dismissed for failure to state a claim, "leave to amend should be granted
5 unless the court determines that the allegation of other facts consistent with the challenged pleading
6 could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d
7 1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of
8 undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous
9 amendments, undue prejudice to the opposing party and futility of the proposed amendment."
10 *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice
11 to the opposing party is the most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387
12 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31
13 (1971)). Leave to amend is properly denied "where the amendment would be futile." *DeSoto*
14 *Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

16 Gevity seeks to dismiss both of Plaintiff's claims against it, pursuant to Fed. R. Civ. P.
17 12(b)(6). Plaintiff's two claims will be addressed in turn. As preliminary matter, Gevity also seeks
18 judicial notice of the PSA, which is attached as an exhibit to the Declaration of Eden E. Anderson.
19 The Court hereby GRANTS Gevity's request for judicial notice, as the contents of the PSA are
20 referenced throughout the Complaint and as neither party questions the document's
21 authenticity—both Gevity and Plaintiff cite to the noticed copy of the PSA in their briefs. *Parrino v.*
22 *FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (A "district court ruling on a motion to dismiss may
23 consider a document the authenticity of which is not contested, and upon which the plaintiff's
24 complaint necessarily relies.").

4

**A.     Breach of Contract**

Gevity argues that the contract between Gevity and FI, referenced in the Complaint, was a Professional Services Agreement, in which FI "outsourc[ed] to Gevity various administrative functions." Mot. at 2. Because this contract was between Gevity and FI, and because Plaintiff was not a party to this agreement, Gevity argues that Plaintiff can only seek to enforce the contract against Gevity as a third-party beneficiary. Mot. at 4. To enforce a contract as a third party beneficiary, Plaintiff "must plead a contract which was made expressly for his benefit and one in which it clearly appears that he was a beneficiary." *California Emergency Physicians Med. Group v. Pacificare of California*, 111 Cal. App. 4th 1127, 1138 (Cal. Ct. App. 2003) (affirming demurrer where company providing medical services to patients was not a third party beneficiary to patients' contracts with their insurer) (citation omitted). Specifically,

> [A] third party beneficiary must show the contract was made expressly for his or her benefit. "Expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." "[An] intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties."

*Sofias v. Bank of America*, 172 Cal. App. 3d 583, 587 (Cal. Ct. App. 1985) (citations omitted). In *Sofias*, the California Court of Appeals held that the plaintiff could not state a claim for breach of contract, where he failed to show that the contract was made expressly for his benefit: 1) the contract itself stated "no other person or persons shall have any right or action hereon," 2) the parties to the contract could not assign their rights without written consent of the other party, and 3) no benefit directly flowed to plaintiff by virtue of the contract. *Id*. In the instant case, Gevity argues that Plaintiff cannot show that he was a third party beneficiary, because the PSA states expressly, "This Agreement is intended solely for the mutual benefit of the parties hereto and does not create any rights in a third party." Anderson Decl., Ex. A, ¶ 20.

In its Opposition, Plaintiff cites to *Prouty*, in which the California Court of Appeals held that a contract provision stating that the contract was "not intended to confer upon any Person other than the parties hereto . . . any rights or remedies hereunder" does not necessarily preclude a third party

5

1 beneficiary action for breach of that contract. *Prouty v. Gores Technology Group*, 121 Cal. App. 4th
2 1225, 1127 (Cal. Ct. App. 2004). In *Prouty*, the California Court of Appeals explained that,

> It is not necessary that the beneficiary be named and identified as an individual; a third party may enforce a contract if he can show he is a member of a class for whose benefit it was made. . . . The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract. *If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person.* Whether the third party is an intended beneficiary or merely an incidental beneficiary involves construction of the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered. Generally, it is a question of fact whether a particular third person is an intended beneficiary of a contract.

*Id.* at 1233 (emphasis added) (citations omitted). In *Prouty*, the Court of Appeals held that a corporate acquisition contract between two companies gave rise to a third party breach of contract action by former employees of the acquired company, because the contract contained a provision precluding early termination of and mandating certain severance benefits for employees of the acquired company. *Id*. The Court of Appeals explained that this provision "benefits [the employee plaintiffs], and only them." *Id*. The Court of Appeals held that under "well established principles of contract interpretation, "when a general and a particular provision are inconsistent, the particular and specific provision is paramount to the general provision." *Id*. at 1235. The Court of Appeals thus held that provision of the contract benefitting employees is "an exception" to the contract's more general bar on creating third party rights, and that the plaintiffs may therefore bring third party beneficiary claims enforcing the benefits provision of the contract. *Id.* at 1235-37. In the instant case, Plaintiff cites to a provision in the PSA in which Gevity agrees to a) handle claims submitted by FI employees and b) "assume responsibility for the payment of wages to [FI's employees] without regard to payments by [FI] to Gevity." Opp. at 7 (citing Anderson Decl., Ex. A, ¶ 6(C)). At this stage in the proceedings, the Court need not rule on whether this provision, or any other provision, of the PSA was intended to benefit Plaintiff, as a third party to the contract. Such a determination is a question of fact to be determined "from reading the contract as a whole in light of the circumstances under which it was entered." *Prouty*, 121 Cal. App. 4th at 1233. At present, the

6

1 Court must determine merely whether "it appears beyond a doubt that the plaintiff 'can prove no set
2 of facts in support of his claim which would entitle him to relief.'" *Conley v. Gibson*, 355 U.S. 41,
3 45-46 (1957). In the instant case, drawing all reasonable inferences in favor of Plaintiff, *Jacobson v.*
4 *Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997), it is at least plausible that the Plaintiff might
5 prove a) that certain provisions of the PSA—such as the provision pertaining to payment of
6 wages—were intended to benefit Plaintiff and b) that these provisions thus give rise to Plaintiff's
7 third party breach of contract claim against Gevity, in spite of the PSA's language that it "does not
8 create any rights in a third party. Therefore, the Court DENIES Gevity's Motion to Dismiss with
9 respect to Plaintiff's breach of contract claim.

10 Plaintiff argues, in the alternative and without elaboration, that Gevity had an implied
11 contract not to discharge Plaintiff without good cause. Opp. at 4. Plaintiff cites the California
12 Supreme Court's opinion in *Foley* for the proposition an employee may have an enforceable,
13 implied-in-fact contract preventing termination of that employee without good cause. *Foley v.*
14 *Interactive Date Corp.*, 47 Cal. 3d 654, 675 (Cal. 1988). Plaintiff does not allege any facts in the
15 Complaint indicating the existence of an implied contract between Plaintiff and Gevity. To the
16 extent that Plaintiff wishes to pursue this claim, the Court GRANTS Plaintiff LEAVE TO AMEND
17 the Complaint to state a claim for breach of an implied contract.

18 **B.     Wrongful Termination in Violation of Public Policy**

19 Second, Gevity argues that Plaintiff fails to state a claim for wrongful termination in
20 violation of public policy. Gevity argues that Plaintiff has failed to allege a public policy sufficient
21 to support his wrongful termination claim. The California Supreme Court has held that "in order to
22 provide an exception to [California Labor Code section] 2922's at-will mandate, the policy must be
23 'public' in that it 'affects society at large' rather than the individual, must have been articulated at
24 the time of discharge, and must be 'fundamental' and 'substantial.'" *Green v. Ralee Engineering Co.*,
25 19 Cal. 4th 66, 76 (Cal. 1998). Gevity argues, without citation to any relevant case law, that because
26 Plaintiff bases his claim for wrongful termination on "unpaid commissions," Plaintiff has failed to

7

1  allege a public policy that could support a claim for wrongful discharge.

2  In his Opposition, Plaintiff cites specific case law demonstrating that California law does
3  recognize a claim for wrongful termination in violation of public policy arising out of a failure to
4  pay commissions. In *Gould*, the California Court of Appeals reversed the trial court's demurrer on a
5  cause of action for wrongful termination in violation of public policy, where the plaintiff alleged that
6  his employer "terminated him to avoid paying him accrued commissions and vacation pay." *Gould*
7  *v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137, 1146 (Cal. Ct. App. 1994). The Court of
8  Appeals rejected the employer's argument that this did not involve a "fundamental public polic[y] of
9  the type which will support a claim for tortious wrongful discharge. *Id*. at 1147. The Court of
10 Appeals held that "[s]tatutory provisions and case law support Gould's contention th[at] prompt
11 payment of wages[2] due an employee is a fundamental public policy of this state. . . . [W]e conclude
12 if [the employer] discharged [the plaintiff] in order to avoid paying him the commissions, vacation
13 pay, and other amounts he had earned, it violated a fundamental public policy of this state. *Id*. at
14 1146-48.

15 In its Reply, Gevity argues even if Plaintiff succeeds in identifying a sufficiently
16 fundamental public policy, Plaintiff still fails to allege that 1) Gevity terminated Plaintiff's
17 employment, 2) Gevity did so in retaliation for Plaintiff having requested commissions, 3) Gevity
18 owed Plaintiff any commissions. This argument is unavailing as a factual matter. Plaintiff clearly
19 alleges that he was "an employee of Gevity" and was "terminated in retaliation for seeking
20 commissions due and owing to him." Compl. at ¶¶ 4, 12. While the Complaint does not specify
21 whether these commissions were owed for work performed for Gevity or Plaintiff's other co-
22 employer, FI, the Complaint does allege that Gevity was responsible for issuing "payroll checks to
23 FI employees," including Plaintiff. Compl. at ¶ 5. From this, the court can infer that Gevity should

---

[2] Pursuant to California Labor Code § 200(a), commissions are "wages." Cal. Labor Code § 200(a) ("'Wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.").

8

United States District Court<br>For the Northern District of California

have issued the commissions to Plaintiff, even if the commissions were owed for work performed for FI.

On balance, the Court finds that it does not "appear[] beyond a doubt that the plaintiff 'can prove no set of facts in support of his claim which would entitle him to relief.'" *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To the contrary, Plaintiff has alleged facts sufficient to make out a claim for wrongful termination in violation of public policy. The Court thus DENIES Gevity's Motion, to the extent that it pertains to Plaintiff's claim for wrongful termination in violation of public policy.

## **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Gevity's Motion is DENIED and Plaintiff is GRANTED LEAVE TO AMEND the Complaint to state a claim for breach of an implied contract. Plaintiff shall file his Amended Complaint by October 4, 2006.

IT IS FURTHER ORDERED THAT Gevity's Request for Judicial Notice is GRANTED.

IT IS SO ORDERED.

Dated: 9/20/06

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG

United States District Judge